**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRIAN WARSHAW              :
                                :
     v.                   :
                                :     No.:  07-1994
CONCENTRA HEALTH SERVICES,  :
QUALISYS, TEKSYSTEMS, INC., AND  :
ALLEGIS GROUP, INC.          :

<u>**ORDER**</u>

AND NOW, this _____ day of _____, 2008, upon

consideration of the Motion for Summary Judgment of defendant Concentra Health

Services and all responses thereto, it is hereby ORDERED that Defendant's motion is

GRANTED.  Judgment is entered in favor of Defendant and against Plaintiff.

BY THE COURT:

_____
THE HONORABLE FAITH M. ANGELL

538950_1

## TABLE OF AUTHORITIES CASES

Celotex Corp v.Catrett, 477 US 317, 322-24 1986)........................................................................

Anderson v.Liberty Lobby, Inc., 477 US 242, 250 (1986) .........................................................

Adickes v. S.H. Kress & Co., 398 US 144 (1970).......................................................................

Matsushita Electrical Industries Company v.Zenith Radio Corp., 475 US 574, (1986)........

Prousi v. Unum Life Insurance Company, 77 F.Supp. 665 (E.D. Pa. 1999)...........................

Fireman's Insurance Company Newark v. DuFresne, 676 F.2nd 965, 969 (3d cir. 1982) ......

Ellis v. Sherman, 512 Pa. 14, 515 a.2d 1327, 1328 (Pa. 1986).................................................

Caputo v. Compuchem, Laboratories, Inc., 1994 U.S. dist. LEXIS 2191 (E.D. Pa. February 23, 1994) ............................................................................................................................................

Sharpe v. St. Luke's Hospital, 2003 Pa. LEXIS 665 (Pa. Sup. Ct. April 25, 2003 ..................

Ferry v. Fisher, 709 A.2d 399, 402 (PA. Super. 1998)...............................................................

Loose v. Consolidated Rail Corp., 534 F. Supp. 260 at 262-263 (E.D.Pa. 1982) ...................

Bracey v. Keene Corp., 1989 U.S.Dist. LEXIS 15169 (E.D. Pa. Dec. 18, 1989.........................

3SI Securities Systems Inc., v. Protek Electronics, Inc., 2008 U.S. Dist. LEXIS 56283, 3-4 (E.D. Pa. July 23, 2008)..........................................................................................................................

Factory Market v. Schuller International, 987 F. Supp. 387 (E.D. Pa. January 9, 1997)........

## EXHIBIT INDEX

A.   Plaintiff's Complaint

B.   Plaintiff's First Amended Complaint

C.   Transcript of testimony of Margaret Kline, dated February 28, 2008

D.   Transcript of testimony of Richard Kaniewski dated March 3, 2008

E.   Transcript of testimony of Sandra Dorsey, M.D. dated March 27, 2008

F.   Transcript of Shelton DuVall dated February 25, 2008

G.   Controlled Substance Test Release and Authorization Form

H.   Authorization for the Use and Disclosure of Protected Health Information

I.   Custody and Control/Result Form

J.   Controlled Substance Test Release and Authorization Form dated
     December 3,   2004

K.   Transcript of Plaintiff, Brian Warshaw dated February 4, 2008

L.   Results of Controlled Substance Test

M.   Transcript of Testimony of Shelton Duvall dated February 25, 2008

N.   Transcript of Testimony of Emily Ciliberto dated February 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRIAN WARSHAW     :
           :
  v.        :
           :  No.: 07-1994
CONCENTRA HEALTH SERVICES, :
QUALISYS, TEKSYSTEMS, INC., AND :
ALLEGIS GROUP, INC.    :

**DEFENDANT CONCENTRA HEALTH SERVICES'S
MOTION FOR SUMMARY JUDGMENT**

  Defendant Concentra Health Services (Concentra), by its attorneys, moves this Honorable Court for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support thereof states as follows:

  1.  Plaintiff cannot establish a prima facie case of negligence against Concentra because under Pennsylvania law, Concentra does not owe Plaintiff a duty in the reporting of an employment related instant drug test requested by Plaintiff's potential employer, Defendant TEKsystems. Caputo v. Compuchem Laboratories, Inc., 1994 U.S. Dist. LEXIS 2191 (E.D. Pa. February 23, 1994),

  2.  Plaintiff's only allegation against Concentra is negligence in the reporting of his employment related drug testing to TEKsystems. See Exhibit A.

  3,  Plaintiff also claims that Concentra was negligent in not following federal guidelines for reporting the results of the instant drug test. See Exhibit A.

  4.  There are no federal guidelines applicable to instant drug tests because the federal government does not administer instant drug tests to its employees. Exhibit C at 34:2-8; Exhibit E at 26:10; 27:1-6.

5.     Plaintiff's negligence is barred by the gist of the action doctrine because his claim arises out of the authorizations signed by him prior to the collection of his urine sample by Concentra.  3SI Security Systems, Inc. v. Protek Electronics., Inc., 2008 U.S. Dist. LEXIS 56283, 3-4 (E.D. Pa. July 23, 2008)

WHEREFORE, for the reasons set forth herein and in Concentra's Statement of Material Facts and supporting Memorandum of Law, Concentra respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

By:  /s/ John P. Shusted, Esq.
John P. Shusted, Esquire
The Bellevue – Suite 500
200 South Broad Street
Philadelphia, PA  19102
215-545-7700 (phone)
215-732-4182 (fax)
Attorney for Defendant
Concentra Health Services

Dated:  October 17, 2008

538616_1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRIAN WARSHAW          :
                          :
    v.                 :
                          :    No.:  07-1994
CONCENTRA HEALTH SERVICES,  :
QUALISYS, TEKSYSTEMS, INC., AND  :
ALLEGIS GROUP, INC.        :

**DEFENDANT CONCENTRA HEALTH SERVICES'S
STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR
<u>SUMMARY JUDGMENT</u>**

Defendant, Concentra Health Services, by its attorneys, hereby submits its

Statement of Material Facts in Support of Motion for Summary Judgment.

    1.      Plaintiff initiated this action by filing a Complaint in the Court of

Common Pleas of Montgomery County, Pennsylvania naming Concentra Health

Services, Qualisys, TEKsystems, Inc. and Allegis Group as Defendants.  See Exhibit A.

    2.      Plaintiff's Complaint asserted tort claims and claims of disability

discrimination under the Americans with Disability Act, 42 U.S. C. §12101, <u>et</u>. <u>seq</u>. and

the Pennsylvania Human Relations Act, 43 Pa. C.S. §951 <u>et</u>. <u>seq</u>.  See Exhibit A.

    3.      Defendants removed this action to this Honorable Court in May 2007.

    4.      Plaintiff filed an Amended Complaint in June 2008.  Although there are

numerous Counts in the Complaint against the other Defendants, the only Count against

Concentra is a claim for negligence.  See Exhibit B.

5.      Defendant Concentra provides occupational medical center services including employment related drug testing services.  See Exhibit C at 9:21-24; 10:1-9.

6.      Defendant TEKsystems, Inc. is an IT recruiting company that assists its clients with staffing needs.  TEKsystems in a wholly owned subsidiary of Defendant Allegis Group.  See Exhibit D at 36:15-22.

7.      Defendant Qualisys provides medical review and reporting services to TEKsystems regarding employment drug testing.  See Exhibit E at 36-38.

8.      Defendant TEKsystems requested that Defendant Concentra administer an instant drug test on Plaintiff in connection with Plaintiff's potential job placement.  See Exhibit C at 64:3-24; 65:1-12

9.      The decision to use an instant drug test was made by TEKsystems.  See Exhibit C at 17:3-20; 35:20-23.

10.     Defendant TEKsystems requested that Concentra fax to it the results of Plaintiff's instant drug test.  See Exhibit C at 64:21-24; 65:12; 87:21-24.

11.     Prior to providing Concentra with a urine sample for testing, Plaintiff signed an "Authorization for the Use and Disclosure of Protected Health Information." This document authorized Concentra to disclose "medical records relevant to the purpose of services rendered on 12/3/04 and all other records related to that visit" to Defendant Allegis Group, the holding company for TEKsystems.  See Exhibit H.

12.     Plaintiff signed a Qualisys "Custody and Control/Result Form" on December 3, 2004 consenting to the drug test and acknowledging his understanding that the results of the test would be made available to TEKsystems.  Plaintiff also certified that his urine sample was sealed with a tamper-evident seal in his presence and that the

label on both the chain of custody form and label affixed to the specimen bottle were

correct.   See Exhibit I.

13.   Plaintiff also signed a "Controlled Substance Test Release and

Authorization Form" dated December 3, 2004 acknowledging his understanding of

TEKsystems's Drug and Alcohol Policy and the opportunity to ask questions regarding

the policy.   The form provides, in part:

> I hereby give my consent to and authorize the Company,
> and the testing laboratory designated by the Company, to
> perform the appropriate tests and procedures to identify the
> presence of controlled substances.  I also give my
> permission for the results of the controlled substance test to
> be released to the Company and to the Company's clients
> requesting my services.
>
> I hereby release and hold harmless the Company, its
> employees, agents, contractors, clients and any persons or
> other parties disclosing information from any all liability
> whatsoever arising from this request for a controlled
> substance test, from the testing of the sample, and from
> decisions made concerning my application for or
> continuation of employment based upon the results of the
> controlled substance test.

See Exhibit G.

14.   Plaintiff admits that he voluntarily signed the consent forms and was given

time to review the forms prior to signing them.  See Exhibit K at 16-26.

15.   Plaintiff understood that there was no limit to the information that could

be disclosed to TEKsystems by Concentra regarding his drug screening.  See Exhibit K at

19:10-13; 24:14-22; 25:18-24; 26:1-11.

16.   Plaintiff's drug test revealed that additional testing was needed to the

presence of methamphetamine in the sample.  See Exhibit I.

17.     Defendant Qualisys reported Plaintiff's test result as negative to TEKsystems on December 22, 2004.  See Exhibit L.

18.     Plaintiff was assigned by TEKsystems to work at Drexel on Dcember 11, 2004, before the final results of the drug test were received by TEKsystems.  See Exhibit K at 35:11-16 and Exhibit L.

19.     Plaintiff does not allege that Concentra was negligent in the collection or handling of the specimen given to Concentra.  See Exhibits A and B.

20.     Plaintiff does not allege that the instant drug test result reported by Concentra to TEKsystems was inaccurate.  See Exhibits A and B.

21.     There are no federal guidelines that pertain to the reporting of instant drug tests.  See Exhibit E at 26:10-24; 27:1-6; Exhibit C at 34:2-8.

22.     Plaintiff does not allege that the results of the instant drug test were inaccurate.  See Exhibit A and B.

23.     Plaintiff has not produced any evidence supported by law in support of his allegation that Concentra was negligent when it reported the result of the instant drug test to TEKsystems.

24.     Pennsylvania law does not impose a duty upon laboratories with the "sole function of analyzing a sample and returning a report, particularly when such report is factually accurate."  Caputo v. Compuchem Laboratories, Inc., 1994 U.S. Dist. LEXIS

2192 (E.D. Pa. February 23, 1994).

GERMAN, GALLAGHER & MURTAGH

By:____/s/ John P. Shusted, Esquire_____
       John P. Shusted, Esquire
       The Bellevue – Suite 500
       200 South Broad Street
       Philadelphia, PA  19102
       215-545-7700 (phone)
       215-732-4182 (fax)
       Attorney for Defendant
       Concentra Health Services

Dated:  October 17, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN WARSHAW                          :
                                       :
     v.                          :
                                       :
                                       :   No.:  07-1994
CONCENTRA HEALTH SERVICES,             :
QUALISYS, TEKSYSTEMS, INC., AND        :
ALLEGIS GROUP, INC.                    :

## DEFENDANT CONCENTRA HEALTH SERVICES'S
## MEMORANDUM OF LAW IN SUPPORT OF
## <u>MOTION FOR SUMMARY JUDGMENT</u>

**I.**    <u>**Procedural History**</u>

On or about April 16, 2007, Plaintiff Brian Warshaw initiated this action by filing a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania naming Concentra Health Services, Qualisys, TEKsystems, Inc. and Allegis Group as Defendants.  Plaintiff's Complaint asserted tort claims and claims of disability discrimination under the Americans with Disability Act, 42 U.S.C. §12101 <u>et.seq</u>. and the Pennsylvania Human Relations Act ("PHRA") 43 Pa. C.S. §951 <u>et. seq</u>.  Defendants removed this action to this Honorable Court in May 2007.   Plaintiff's Complaint is attached as Exhibit A.

Plaintiff filed an Amended Complaint in June 2008.  Although there are numerous Counts in the Complaint against the other Defendants, the <u>only</u> Count against Concentra is a claim for negligence.  Plaintiff's Amended Complaint is attached hereto as Exhibit B.

II.     **Facts**

Defendant Concentra provides occupational medical center services including employment related drug testing services.  See testimony of Margaret Kline attached as Exhibit C at 9:21-24; 10:1-9.

Defendant TEKsystems, Inc. (hereafter TEKsystems) is an IT recruiting company that assists its clients with staffing needs.  TEKsystems is a wholly owned subsidiary of defendant Allegis Group.  See testimony of Richard Kaniewski attached as Exhibit D at 36:15-22.

Defendant Qualisys provides third party administration, medical review and reporting services to TEKsystems regarding employment drug testing.  See testimony of Sandra Dorsey, M.D. attached as Exhibit E; see also testimony of Margaret Kline attached as Exhibit C at 75:12-14.

On or about December 3, 2004, Shelton DuVall, a recruiter for TEKsystems sent Plaintiff, a prospective employee, to Concentra for drug testing related to Plaintiff's possible placement at Drexel University College of Medicine ("Drexel"), a client of TEKsystems.  See testimony of Shelton DuVall attached as Exhibit F at 323:6.  Plaintiff signed TEKsystems's "Controlled Substance Test Release and Authorization Form" giving his consent for the results of the test to be released to TEKsystems.  See Exhibit G.

TEKsystems requested that Concentra perform an instant drug test on Plaintiff and fax the results of the instant test to TEKsystems.  See testimony of Margaret Kline attached as Exhibit C at 64:21-24; 65:12; 87:21-24.  Prior to providing Concentra with a urine sample for testing, Plaintiff signed an "Authorization for the Use and Disclosure of Protected Health Information."  This document authorized Concentra to disclose

"medical records relevant to the purpose of services rendered on 12/3/04 and all other records related to that visit" to Defendant Allegis Group, the holding company for TEKsystems.  See Exhibit H.

Plaintiff also signed a Qualisys "Custody and Control/Result Form" on December 3, 2004 consenting to the drug test and acknowledging his understanding that the results of the test would be made available to TEKsystems.  Plaintiff also certified that his urine sample was sealed with a tamper-evident seal in his presence and that the label on both the chain of custody form and label affixed to the specimen bottle were correct.   See Exhibit I.

Plaintiff also signed a "Controlled Substance Test Release and Authorization Form" dated December 3, 2004 acknowledging his understanding of TEKsystems's Drug and Alcohol Policy and the opportunity to ask questions regarding the policy.   The form provides, in part:

> I hereby give my consent to and authorize the Company, and the testing laboratory designated by the Company, to perform the appropriate tests and procedures to identify the presence of controlled substances.  I also give my permission for the results of the controlled substance test to be released to the Company and to the Company's clients requesting my services.
>
> I hereby release and hold harmless the Company, its employees, agents, contractors, clients and any persons or other parties disclosing information from any all liability whatsoever arising from this request for a controlled substance test, from the testing of the sample, and from decisions made concerning my application for or continuation of employment based upon the results of the controlled substance test.

See Exhibit J.

538929_1

There is no issue concerning the fact that Plaintiff voluntarily signed the consent forms and was given time to review the forms before signing them.   Plaintiff understood that there was no limit to the information that could be disclosed to TEKsystems by Concentra regarding the drug screening.  See testimony of Plaintiff attached as Exhibit K at 19:10-13; 24:14-22; 25:18-24; 26:1-11.

Plaintiff's drug test revealed that additional testing was needed due to the presence of methamphetamine in the sample.  See Custody and Control/Result Form attached as Exhibit L.

Concentra, in accordance with TEKsystems's request, faxed the test results to TEKsystems.  Concentra also faxed the test results to Qualisys, the company that performed final testing services for TEKsystems in cases where additional testing is required to confirm initial test results.  See testimony of Margaret Kline attached as Exhibit C at 87:9-24.  The chain of custody sheet and an additional sample were sent to Qualisys for additional testing.  Qualisys reported the test as negative to TEKsystems on December 22, 2004.  See Results of Controlled Substance Test, attached as Exhibit M.

Because Mr. DuVall wanted to expedite Plaintiff's placement at Drexel, he asked a TEKsystems customer support staff member about the drug test result.  He was told that the test was positive and further testing was going to be performed.  When Mr. DuVall communicated this information to his account manager, Mr. Kaniewski, he learned that Drexel did not require a drug test.  See testimony of Shelton DuVall attached as Exhibit F at 34:4-19; 36:5-19.

When Mr. DuVall communicated the initial drug screen results to Plaintiff, Plaintiff told him that the initial screening results were due to medication he took for his

diagnosis of Attention Deficit Hyperactivity Disorder.  See testimony of Shelton DuVall attached as Exhibit F at 319-322; 335:9-24 and testimony of Richard Kaniewski attached as Exhibit D at 33:12-24.

Plaintiff began working at Drexel on December 11, 2004, *before* TEKsystems received the December 24, 2004 negative report from Qualisys.  See testimony of Plaintiff Brian Warshaw attached as Exhibit K at 35:11-16.  Drexel was not advised of Plaintiff's positive drug test either before Plaintiff's placement or at any time subsequent thereto.  See testimony of Richard Kaniewski attached as Exhibit D at 73:4-13; 79:19-22.

While at Drexel, Plaintiff made a comment to the effect that were too many smoke breaks and that he did not like his work being interrupted so often.  See testimony of Plaintiff attached as Exhibit K at 40-42.   Mr. Kaniewski received a complaint from Drexel about Plaintiff's comment and was requested by Drexel to remove Plaintiff.  Mr. Kaniewski removed Plaintiff from the Drexel job after three days on the job.  See testimony of Richard Kaniewski attached as Exhibit D at 85:7-23; 86:1-9.

Although there was no subsequent company wide decision not to employ Plaintiff, Mr. Kaniewski did not employ him again because he was concerned that plaintiff would offend another TEKsystems account.  Mr. Kaniewski's sole basis in deciding not to work with Plaintiff after the Drexel job was his concern that Plaintiff would offend a TEKsystems client.  See testimony of Richard Kaniewski attached as Exhibit D at 105:4-20; 215, 14-23; 232:2-9; 336:11-23; 350:11-18.

Mr. DuVall testified that his receipt of information regarding Plaintiff's drug test did not influence his decision to not place Plaintiff after the Drexel incident.  After Mr. Kaniewski informed Mr. DuVall about the incident at Drexel, Mr. DuVall decided not to

place Plaintiff in future positions.  See testimony of Shelton DuVall attached as Exhibit F

at 244:14-24; 245:1.

In 2007, TEKsystems recruiter Emily Ciliberto reached out to Plaintiff in a re-

engagement exercise for past employees.  During a telephone conversation with Ms.

Ciliberto, Plaintiff said that he was working for an undercover investigation company and

had not been in the IT industry for some time.  Ms Ciliberto decided to not re-engage

Plaintiff because he did not have the requisite skills set for her specialty area of

placement.  Ms. Ciliberto testified that she is not aware that Plaintiff has a disability.  See

deposition transcript of Emily Ciliberto attached as Exhibit N at 18:17-24; 23:6-11; 23:6-

11; 114:22-24; 136:13-24; 137:1-23.

Plaintiff claims that he was discriminated against by TEKsytems on the basis of

his disability and in retaliation for bringing a claim against TEKsystems before the

Pennsylvania Human Relations Commission.  His only claim against Concentra is

negligence in reporting the results of his drug test to TEKsystems.

### III.   Legal Argument

#### A.   Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that moving party is

entitled to a judgment as a matter of law," then summary judgment shall be granted.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).  The Supreme Court has explained

that Rule 56(c) requires "the threshold inquiry of determining whether there is the need

for trial – whether, in other words, there are any genuine factual issues that properly can

be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).

In considering a motion for summary judgment, the evidence must be considered in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970). However, the party opposing summary judgment "must do more than simply than show that there is some metaphysical doubt as to the material facts." <u>Matsushita Electrical Industries Company v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). The non-moving party may not rely upon bare assertions, conclusory allegations, or suspicions. <u>Prousi v. Unum Life Insurance Company</u>, 77 F.Supp. 665 (E.D. Pa. 1999), citing <u>Fireman's Insurance Company of Newark v. DuFresne</u>, 676 F.2nd 965, 969 (3d Cir. 1982).

**B.    Plaintiff's Claim for Negligence Fails because Concentra Did Not Breach a Duty to Plaintiff**

Plaintiff claims that Concentra breached its duty of care by not requesting that Plaintiff provide information regarding current prescription drug use and by refusing to accept such information when it was offered by Plaintiff.   Plaintiff also claims that Concentra breached its duty of care to him by failing to follow industry standards in confirming and reporting the results of his drug test. <u>See</u> Exhibit "B," Count VII.

It is well established that to succeed in a claim for negligence, a plaintiff must prove the following elements:  (1) that plaintiff was owed a duty of care; (2) that the duty was breached; (3) that plaintiff was injured; and (4) that plaintiff's injuries were proximately caused by the breach of that duty. <u>Ellis v. Sherman</u>, 512 Pa. 14, 515 A.2d 1327, 1328 (Pa. 1986).

In the case of Caputo v. Compuchem Laboratories, Inc., 1994 U.S. Dist. LEXIS 2191 (E.D. Pa. February 23, 1994), plaintiff alleged that defendant drug testing laboratory Compuchem was negligent in reporting to his prospective employer the results of his drug test as positive for morphine.  There was no dispute that the report was accurate and that the test showed a low level of morphine in plaintiff's system but plaintiff claimed that the presence of morphine could have been due to the fact that he ingested poppy seeds on the day of the drug test.  Plaintiff alleged that Compuchem should have known that independent corroboration was required before reporting the positive result to his prospective employer.  Plaintiff also argued that Compuchem failed to follow standards imposed by federal regulations for verifying positive results.  In essence, plaintiff argued that Compuchem should have assumed the function of a confirming medical review officer when the test came back positive.

Compuchem argued that it owed no duty to the plaintiff and that it properly transmitted the test results to its client, plaintiff's prospective employer.  Compuchem also argued that plaintiff had not produced any evidence to demonstrate negligence in the performance of the drug test.  Caputo, 1994 U.S. Dist. LEXIS at 4, 5.

The Court found no justification in the record or law to support a finding of negligence against the defendant laboratory. The Court held that that although there are concerns about potential problems in the field of drug testing, such concerns do "not justify imposing additional and unprecedented duties upon a laboratory with the sole function of analyzing a sample and returning a report, particularly when such report is factually accurate." Caputo, 1994 U.S. Dist. LEXIS at 11.

In the case of <u>Sharpe v. St. Luke's Hospital</u>, 2003 Pa. LEXIS 665 (Pa. Sup. Ct. April 25, 2003), plaintiff, as required by her current employer, underwent a routine drug test given by defendant hospital. Plaintiff tested positive for cocaine and, as a result, was terminated from her employment.  Plaintiff alleged that the result was a false positive and that there were numerous problems with the chain of custody of her urine sample. Plaintiff alleged that the defendant hospital had a duty to properly perform specimen collection and identified numerous instances in which the hospital allegedly failed to conform to generally accepted standards for urine specimen collection.  <u>Sharpe</u>, 2003 Pa. LEXIS at 2.  The Pennsylvania Supreme Court, weighing public policy factors for the imposition of a duty, found that a sufficient relationship existed between the defendant hospital and plaintiff to justify the imposition of a duty upon the defendant hospital to exercise reasonable care in the collection and handling of a urine specimen, despite the lack of contract between the parties.  <u>Sharpe</u>, 2003 Pa. LEXIS at 4.  The Court noted that the hospital is in the best position to ensure the non-negligent collection of the specimen and to thereby limit its own liability by acting reasonably. <u>Sharpe</u>, 2003 Pa. LEXIS at 12. In footnote 4 of its opinion, the Court distinguished prior case law holding that no duty exists with regard to prospective employees undergoing drug testing from cases such as <u>Sharpe</u> where current employees are terminated from their employment on the basis of a false positive drug test.  <u>Sharpe</u>, 2003 Pa. LEXIS at 13, footnote 4.

In the instant case, Plaintiff argues that Concentra was negligent in reporting the admittedly accurate test result of his instant drug test to Concentra's client, TEKsystems. As in the <u>Caputo</u> case, plaintiff wants to hold Concentra to a duty that has no basis in law or fact.  There is no evidence that Concentra negligently collected the urine sample or

improperly administered the drug test and Plaintiff does not dispute that the positive findings of the instant drug test were accurate.  Plaintiff admits that he signed various consent forms that allowed Concentra to report the findings of his drug test to TEKsystems yet argues that he did not know that the results of the instant drug test would be reported.  He also argues that Concentra did not afford him the opportunity to explain what medications he was taking and why he took those medications.  However, there is no basis in law or fact that imposes upon Concentra a duty to afford Plaintiff an opportunity for explanation or a duty to not report the results of the instant drug test.  The finding in <u>Sharpe</u> sets forth a narrow exception in the area of drug testing <u>collection</u> with regard to hospitals that perform specimen collection services and applies to <u>current</u> employees who are requested to undergo drug testing as part of their employment.  <u>Sharpe</u> is not applicable to Plaintiff's claim regarding negligent reporting and federal guidelines do not apply to reporting for instant drug tests.

Plaintiff's claim is apparently that Concentra was negligent because it should not have reported a result that a) was requested by its client, a potential employer of Plaintiff; b) was in fact accurate in all respects and c) that Plaintiff agreed, in writing, could be produced by Concentra to Plaintiff's employer.  Plaintiff's theory is that Concentra should have violated its contract with TEKsystems.

**C.     Plaintiff Fails to State A Prima Facie Claim of Negligence Because He Cannot Prove Causation**

Plaintiff claims that he was terminated from Drexel and was not subsequently re-hired by TEKsystems because of his ADHD.  He speculates that if Concentra had not reported the initial test results to TEKsystems, he would not have advised TEKsystems about his diagnosis and TEKsystems would not have discharged him.  .

538929_1

To meet his burden in a negligence claim, plaintiff must prove, not only that a defendant owed a duty imposed by law, but that that duty was breached and that there is a causal connection between the breach and resulting injuries. Ferry v. Fisher, 709 A.2d 399, 402 (Pa. Super. 1998).

When presented with a motion for summary judgment, the Court must view the facts and inferences drawn from the facts in a light most favorable to the party opposing the motion . . . [but] to the extent the opposing party relies upon the existence of disputed facts, those facts must be material and of a substantial nature, not conjecture, speculative, nor amount to mere suspicion. Loose v. Consolidated Rail Corporation, 534 F. Supp. 260 at 262-263 (E.D. Pa. 1982), citing Bracey v. Keene Corp., 1989 U.S. Dist. LEXIS 15169 (E.D. Pa. Dec. 18, 1989).

Assuming, *arguendo*, that Concentra owed Plaintiff a duty to not report the results to TEKsystems, Plaintiff cannot meet the burden of proving causation between the reporting of the results and his alleged damages. Plaintiff's claim that TEKsystems terminated him due to his ADHD is in direct opposition to the facts of the case. In fact, Plaintiff has failed to show that he was terminated by TEKsystems. Plaintiff, even prior to the final negative reporting, was sent to work at Drexel. He was removed from the Drexel job at Drexel's request. In 2007, TEKsystems recruiter Emily Ciliberto contacted Plaintiff in a re-engagement exercise but determined that his skill set was insufficient and his absence from the IT workforce for several years did not make him a possible candidate for placement.

Mr. DuVall testified that he mistakenly asked Plaintiff to undergo a drug test when it was not actually required by Drexel. Mr. Kaniewski testified that Drexel was

never told by TEKsystems about the initial drug test result.  Plaintiff was terminated at Drexel's request because of Plaintiff's remark regarding frequent smoke breaks.  Mr. DuVall and Mr. Kaniewski each testified that they did not send plaintiff out on any other jobs for fear that Plaintiff would offend a TEKsystems's client.

Although Plaintiff limits his claim against Concentra to negligence, he ties Concentra's alleged negligence to the allegedly discriminatory termination by TEKsystems.  Plaintiff speculates that TEKsystems initially removed him from the Drexel job and then refused to send him to other jobs because of his ADHD diagnosis. He alleges that the only reason he disclosed his ADHD diagnosis to TEKsystems was to offer an explanation for the positive drug test.   He surmises that although TEKsystems sent him to Drexel after it learned of his diagnosis, that the diagnosis somehow impacted TEKsystems's alleged decision not to send him to work for any of its clients after the Drexel incident.

It is insufficient as a matter of law for Plaintiff to speculate that his ADHD diagnosis had any bearing on TEKsystems' decisions regarding employment.   It is Plaintiff's burden to produce affirmative evidence that goes beyond mere speculation. There has been no evidence produced to demonstrate a causal connection between the drug screen reporting and Plaintiff's alleged damages.

### D.    Plaintiff's Claim is Barred by the Gist of the Action Doctrine in that the Parties' Responsibilities are Controlled by the Contracts

There is no dispute in this case that Plaintiff signed various consent forms authorizing Concentra to perform the drug testing and report the results of the testing to TEKsystems.   The sum and substance of the relationship between Plaintiff and

Concentra is contractual in nature.  The contractual relationship began when Plaintiff signed the forms evidencing his consent to the drug testing and his understanding that the test results would be reported to TEKsystems.

Plaintiff's allegation that Concentra, as the provider of drug testing services to TEKsystems, had a tort based duty to obtain a list of the prescription drugs that Plaintiff was taking or refrain from reporting the test results to Concentra's own client, TEKsystems, sets forth a claim, and standard, that is not recognized under Pennsylvania law.

In 3SI Security Systems, Inc. v. Protek Electronics., Inc., 2008 U.S. Dist. LEXIS 56283, 3-4 (E.D. Pa. July 23, 2008), Judge Tucker held that the gist of the action doctrine precludes plaintiff from re-casting ordinary breach of contract claims into tort claims and that a breach of contract may give rise to a tort claim only when defendant's wrongful conduct is the gist of the action, and the contract is collateral.

In Factory Market v. Schuller International,  987 F. Supp. 387 (E.D. Pa. Jan. 9, 1997), defendant roofer guaranteed plaintiff that the roof installed would be watertight and promised to pay for repairs needed to keep the roof watertight.  On various occasions, subsequent to the installation, defendant roofer returned to make repairs.  After various unsuccessful repairs, plaintiff brought sought against defendant alleging breach of contract, negligence and fraud.  Plaintiff alleged that the defendant knew at the time of the agreement that the only way to make the roof water tight would be to replace the entire roof and that defendant was negligent in failing to appreciate this fact.  The Court held that the negligence claims were barred by the gist of the action doctrine because the obligation to make the roof water tight was imposed by the contract, not

under a tort theory of liability.  The Court noted that without the contract, the plaintiff would have no claim at all.

Plaintiff cannot recover under a negligence claim when the gist of his claim is based in contract.  In this case, if Plaintiff had not executed the various authorizations and consent forms agreeing to undergo drug screening as part of his employment and permitting the release of his drug test results to his employer, Plaintiff would not have a claim at all.  The obligations of the parties are defined by the contract; i.e., Plaintiff agreed to undergo the test and allow the results to be released to TEKsystems and Concentra agreed to perform the test.  Although this claim is governed by contract law, Plaintiff has not, and will be unable to, produce any evidence to demonstrate that Concentra breached its contract with Plaintiff regarding the administration of the drug test.  Accordingly, Plaintiff's claim in contract must fail.

IV.    **Conclusion**

For all of the foregoing reasons, and for the reasons set forth in its Motion for Summary Judgment, Defendant Concentra Health Services respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

Respectfully submitted,

GERMAN, GALLAGHER & MURTAGH

By:    */s/ John P. Shusted, Esquire*
       John P. Shusted, Esquire
       The Bellevue – Suite 500
       200 South Broad Street
       Philadelphia, PA  19102
       215-545-7700 (phone)
       215-732-4182 (fax)
       Attorney for Defendant
       Concentra Health Services

Dated:  October 17, 2008

538929_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN WARSHAW                                  :
                                               :
     v.                                            :
                                               :
                                               :    No.: 07-1994
CONCENTRA HEALTH SERVICES,                     :
QUALISYS, TEKSYSTEMS, INC., AND                :
ALLEGIS GROUP, INC.                            :


### CERTIFICATE OF SERVICE

The undersigned, John P. Shusted, is counsel for Defendant, Concentra Health

Services and certifies that a true and correct copy of the within MOTION FOR

SUMMARY JUDGMENT has been filed electronically and sent via first class mail on

October 20, 2008.

| | |
|---|---|
| Katie Eyer, Esquire<br>Salmanson, Goldshaw<br>Two Penn Center – Suite 1230<br>1500 JFK Blvd.<br>Philadelphia, PA  19102 | Mike Eagles, Esquire<br>Blank Rome<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA  19103 |


                    GERMAN, GALLAGHER & MURTAGH

                    By:   */s/ John P. Shusted, Esquire*
                         John P. Shusted, Esquire
                         The Bellevue – Suite 500
                         200 South Broad Street
                         Philadelphia, PA  19102
                         215-545-7700 (phone)
                         215-732-4182 (fax)
                         Attorney for Defendant
                         Concentra Health Services

Dated:  October 17, 2008